**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| HUMAIRA SHAH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-434-JDK-KNM |
| | § | |
| ROSS STORES, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Humaira Shah initiated this lawsuit in Collin County, Texas, alleging a premises liability claim. Docket No. 2. Defendant removed the case, asserting diversity jurisdiction. Docket No. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636. The Magistrate Judge issued a Report recommending granting Defendant's motion for summary judgment (Docket No. 26) and dismissing the complaint with prejudice. Docket No. 39.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Services, LLC*, 875 F.3d 243, 249 (5th Cir. 2017). Here, Plaintiff filed written objections. Docket No. 40.

Plaintiff contends that she was injured while shopping in a Ross store in Wylie,

1

Texas, when a basket fell from a shelf and struck her on the head. Docket No. 2 at 2. While walking down an aisle, Plaintiff says that she noticed a folded rug sticking out into the aisle. Docket No. 26-2 at 27. A photo submitted by the parties shows that the rug was folded and standing vertically, with one end leaning against the shelving and the other end protruding into the aisle. Docket No. 26 at 2. Plaintiff continued to push her cart forward causing "friction" with the rug and resulting in a basket from a top shelf falling onto her head. *Id.* at 26–37. Defendant moved for summary judgment asserting that the condition was open and obvious. Docket No. 26. Plaintiff submits that the Report did not properly apply Texas premises liability law concerning an open and obvious dangerous condition. Docket No. 40.

Under Texas law, an owner or occupier does not have a duty to protect an invitee "against a dangerous condition that is open and obvious or known to the invitee." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 201 (Tex. 2015). Rather, "the law presumes that invitees will take reasonable measures to protect themselves against known risks [.]" *Id.* at 203. When assessing whether a condition is open and obvious, courts will consider the totality of circumstances faced by the plaintiff. *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 789 (Tex. 2021). "[T]he question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." *Id.* at 788.

Plaintiff's first objection contends that the Report applied an incorrect standard for the open and obvious doctrine. Docket No. 40 at 4. Specifically, Plaintiff states that the Magistrate Judge "effectively converted the doctrine into a pure

2

visibility test" by equating "open and obvious" with "not concealed." *Id.* Courts have determined that a dangerous condition is "open and obvious" when the undisputed facts demonstrate that it is "plainly visible." *See Maldonado v. AEP Texas Inc.*, 681 F. Supp. 3d 704, 707 (S.D. Tex. 2023) (finding that a rolled-up carpet in plain view was open and obvious); *see also Krustchinsky v. Acad., Ltd.*, 2022 WL 3755421, at *2 (Tex. App.—Tyler Aug. 30, 2022, no pet.) (finding that a ladder in plain view of an aisle was open and obvious); *Dunn v. Wal-Mart Stores, Inc.*, 2018 WL 4772408, at *3 (N.D. Tex. Oct. 3, 2018) (finding that a raised floor mat which plaintiff observed in advance of tripping and falling was open and obvious). And "courts generally treat unobscured, stationary impediments which can be easily distinguished from their surroundings as open and obvious as a matter of law." *Maldonado,* 681 F. Supp. 3d at 707 (citing cases). Here, Plaintiff's undisputed testimony indicates that the condition was plainly visible and known by Plaintiff. In her own words, "it was kind of like a mess in that side" where the folded rug was sticking out "halfway in the aisle." Docket No. 26-2 at 27 & 31.

Plaintiff's reliance on *Oliver v. Wal-Mart Stores Texas, LLC*, 748 F. Supp. 3d 433 (N.D. Tex. 2024), and *Armendariz v. Wal-Mart Stores, Inc.*, 721 F. App'x 368 (5th Cir. 2018), is misplaced because the plaintiffs in those cases were unaware of the dangerous conditions before they were injured. *Cf. Oliver*, 748 F. Supp. 3d at 437 ("After she slipped, Oliver noticed that the floor was wet."); *Armendariz*, 721 F. App'x 368 at 371 ("[Plaintiff] could not see the pallet because of its height, her shopping cart, and because she was looking at the display."). Plaintiff's first objection is thus

without merit.

Plaintiff's second objection argues that "the Report misidentified the dangerous condition" as the rug alone. Docket No. 40 at 5. Specifically, Plaintiff argues that the "combined storage arrangement" and "not a rug in isolation" caused the dangerous condition. Docket No. 40 at 6. "A dangerous condition is one that presents a substantial risk of injury when the property is used with due care in a manner in which it is reasonably foreseeable that it will be used." *Harkins v. Wal-Mart Stores Texas, LLC*, 2022 WL 3453548, at *5 (Tex. App.—Ft. Worth Aug. 18, 2022, pet. denied) (citing *Tex. Dep't of Transp. v. Padron*, 591 S.W.3d 684, 697 (Tex. App.—Texarkana 2019, pet. denied)). Here, Plaintiff testified that she saw the disorganized nature of the aisle upon entering, explaining that it "was kind of like a mess in [the] side" where the rugs were "touching each other" and where one rug was "in the aisle sticking out." *Id.* at 27. The photograph mentioned above shows shelves of houseware items, including laundry baskets along the top, in close proximity to the leaning rugs. Docket No. 26 at 2. A reasonably prudent invitee would have appreciated the open and obvious danger of the rug, shelving, and items stored on the shelves—and avoided hitting the protruding rug. *See Compadres Pescadores, L.L.C.*, 622 S.W.3d at 788.

Plaintiff claims "no reasonable shopper . . . bent down looking at items on a lower shelf, would appreciate that her cart's contact with a floor-level rug would bring heavy unsecured objects down from above." Docket No. 40 at 7. But "a reasonably prudent person . . . would look where they are walking," especially after observing an

4

unkempt aisle where "several rows of carpet" were "touching each other" and extending "halfway" into the aisle. *Blankinship v. Dolgencorp of Texas, Inc.*, 2024 WL 1235580, at \*2 (S.D. Tex. Feb. 13, 2024); Docket No. 26-2 at 27 & 31. *See also Johnson v. Walmart Stores Texas LLC*, 2025 WL 243025, at \*3 (Tex. App.—Beaumont Jan. 16, 2025, no pet. h.) (mem. op) (finding no unreasonably dangerous condition where plaintiff attempted to retrieve a crockpot stacked on top of another on the top shelf, causing one to fall and hit her in the head); *see also Minyard Food Stores, Inc. v. Smith*, 1999 WL 33743938, at \*1 (Tex. App.—Eastland Mar. 25, 1999, no pet.) (mem. op) (finding no unreasonably dangerous condition where plaintiff created the condition by climbing the lower shelf to reach a case of beer from the top shelf). Plaintiff's second objection also lacks merit.

Having conducted a de novo review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 39) is **ADOPTED**. It is **ORDERED** that Defendants' motion for summary judgment (Docket No. 26) is **GRANTED** and the complaint is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **17th** day of **July, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

5